IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re:

LAWRENCE PAUL FEDERICO, fdba Fargo Construction, fdba Construction Offices, fdba Specialty Equipment, fdba D & L Fargo,

        Debtor.

_____

BRIAN FEDERICO, WILLIAM FEDERICO, DOUGLAS BROWN, and TERRI BROWN,

        Appellants,

   v.

MICHAEL D. MCGRANAHAN,

        Appellee.
_____/

No. 2:08-cv-2182-JAM

Bankruptcy No. 07-21245-B-7

ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

    Brian Federico, William Federico, Douglas Brown, and Terri Brown (collectively, "Appellants") appeal the Bankruptcy Court's September 5, 2008 Order Denying Appellants' Motion to Set Aside Order and Judgment as Void pursuant to 28 U.S.C. § 158(a).

1

Michael D. McGranahan ("Appellee") opposes.  For the reasons stated below, the decision of the Bankruptcy Court is AFFIRMED.

BACKGROUND

Appellee, as Chapter 7 trustee of Lawrence Paul Federico's ("Debtor's") bankruptcy estate, filed a motion in the Bankruptcy Court to sell certain property that was housed in a storage yard leased to Debtor (the "Property") free and clear of liens on October 1, 2007.  On October 16, 2007, Brian Federico filed a written opposition, arguing that the Bankruptcy Court needed to have an adversary proceeding to first determine whether the Property belonged to the bankruptcy estate.  In a supporting declaration, Brian Federico stated, "I am the owner of most of the personal property which is the subject of the [motion]…I have certificates of ownership ("pink slips") for most of the vehicles which are the subject of the Motion and many of the certificates show me as the registered owner."  He stated that in 2002, Debtor owed him $200,000 and gave him most of the Property to satisfy the debt.  He stated that the Debtor did not have any ownership interest in the Property.  Besides Brian Federico's declaration, no other evidence or opposition was filed.  A hearing was set for October 30, 2007.

On October 29, 2007, the Bankruptcy Court issued a tentative ruling denying the motion to sell because Appellee had failed to establish that the Property belonged to the bankruptcy

2

estate.  Later that day, Appellee and Brian Federico stipulated to continue the motion until November 14, 2007.  Both Appellee and Brian Federico appeared at the hearing scheduled for October 30, 2007.  The Bankruptcy Court ordered that the motion be continued until November 14, 2007.  Supplemental evidence was to be filed no later than November 7, 2007.

On November 7, 2007, Appellee filed supplemental evidence, including 106 pages of vehicle registration inquiry reports.  Brian Federico did not file any supplemental evidence.  On November 14, 2007, after a hearing at which both Appellee and Brian Federico appeared, the Bankruptcy Court granted Appellee's Motion to sell the Property with the exception of three vehicles that Appellee had determined did not belong to the Debtor's bankruptcy estate.  Furthermore, Appellee noted that the Debtor had not disclosed that he was holding any property for others in his bankruptcy schedule.  Appellee was permitted to sell the Property free and clear of the interest, if any, of Brian Federico.  However, his interest would attach to the proceeds of the sale.

The Bankruptcy Court's order approving the sale was entered on November 26, 2007.  The order was not appealed and became final on December 6, 2007.  A sale of some or all of the Property occurred on or around January 19, 2008.

On June 30, 2008, Appellants filed a motion in the Bankruptcy Court to set aside the sale order as void pursuant to Rule 60(b)(4). The Bankruptcy Court denied the motion. Appellants now appeal the decision in this Court pursuant to 28 U.S.C. § 158(a).

## OPINION

Rule 60(b)(4), as incorporated by Fed. R. Bankr. P. 9024, allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…(4) the judgment is void;…." A trial court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. In re Burley, 738 F.2d 981, 988 (9th Cir. 1984).

"A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999) (internal citations omitted). "A judgment is not void merely because it is erroneous." Id.

Appellants argue that the Sale Order was void because the Bankruptcy Court issued it without an adversary proceeding pursuant Rule 7001 of the Federal Rules of Bankruptcy Procedure. Rule 7001 states that an adversary proceeding is required to "determine the validity, priority, or extent of a lien or other

4

interest in property, other than a proceeding under Rule 4003(d)…." However, 11 U.S.C. § 363(f)(4) states that the "trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if: … (4) such interest is in bona fide dispute,…." "The purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." Moldo v. Clark (In re Clark), 266 B.R. 163, 171 (9th Cir. BAP 2001). "Typically, the proceeds of sale are held subject to the disputed interest and then distributed as dictated by the resolution of the dispute; such procedure preserves all parties' rights by simply transferring interests from property to dollars that represent its value." Id.

   Appellants argue that their interest in the Property was not in bona fide dispute, which would allow the trustee to sell the Property and divide the proceeds amongst the claimants later. Rather, they argue that they owned the Property outright and that Debtor had no interest in any of it. Therefore, Appellants argue, Appellee had no authority to sell the Property under 11 U.S.C. § 363(f)(4). Selling the Property without an

adversary process violated their due process rights, rendering the sale order void.

The statement that Debtor had no interest in the Property lacks sufficient evidentiary support.  The Property was on a storage lot leased by Debtor.  A title search showed that the majority of the Property was registered to debtor.  Appellants only produced a self-serving declaration to support the claim that Debtor had no interest in the Property and that it in fact belonged to them.  Similarly, Appellants claim that they were denied due process is not borne out by the facts.  The Bankruptcy Court allowed Appellants time to produce supplemental evidence establishing ownership.  Furthermore, Appellants were afforded the opportunity to appeal the Sale Order of which they did not avail themselves.

Appellants mistakenly rely on Fed. R. Bankr. P. 7001 in stating that an adversary proceeding was required.  In authorizing the sale, the Bankruptcy Court was not determining the issue of Appellants interest in the Property.  The Court left that issue for the date on which the proceeds from the sale would be determined.  Rather, the Bankruptcy Court, based on substantial evidence, found that the Debtor shared an interest in the Property with his creditors, including Appellants.  Accordingly, the Court finds that Appellants' Due Process Rights were not violated.

ORDER

For the reasons stated above, the order of the Bankruptcy Court is AFFIRMED. Any request for attorneys' fees may be filed as a separate motion.

IT IS SO ORDERED.

Dated: September 4, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE