IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: LAWRENCE PAUL FEDERICO, fdba Fargo Construction, fdba Construction Offices, fdba Specialty Equipment, fdba D&L Fargo,<br><br>        Debtor,<br>_____<br><br>BRIAN FEDERICO, WILLIAM FEDERICO, DOUGLAS BROWN, AND TERRI BROWN,<br><br>        Appellants,<br>v.<br><br>MICHAEL D. MCGRANAHAN, Chapter 7 Trustee,<br><br>        Appellee.<br>_____ | Case No. 2:08-cv-2182-JAM<br><br>Bankruptcy No. 07-21245-B-7<br><br><br>ORDER DENYING APPELLEE'S MOTION<br>FOR ATTORNEY'S FEES AND DOUBLE<br>COSTS |

    This matter comes before the Court on Appellee Michael D. McGranahan's ("Appellee's) Motion for Attorney's Fees and Double Costs. Appellants Brian Federico, William Federico, and Douglas

1

and Terri Brown (collectively "Appellants") oppose the motion. For the reasons set forth below, Appellee's motion is DENIED.[1]

FACTUAL AND PROCEDURAL BACKGROUND

Appellee, as Chapter 7 trustee of Lawrence Paul Federico's ("Debtor's") bankruptcy estate, filed a motion in the Bankruptcy Court to sell certain property that was housed in a storage yard leased to Debtor (the "Property") free and clear of liens on October 1, 2007. On October 16, 2007, Brian Federico filed a written opposition, arguing that the Bankruptcy Court needed to have an adversary proceeding to first determine whether the Property belonged to the bankruptcy estate. In a supporting declaration, Brian Federico claimed to be the owner of most of the personal property which was the subject of the Motion. He stated that Debtor owed him money and gave him most of the Property to satisfy the debt. He asserted that the Debtor did not have any ownership interest in the Property, and that he had certificates of ownership for most of the vehicles at issue. A hearing was set for October 30, 2007. The hearing was continued until November 14, 2007, and the parties were given until November 7, 2007 to submit supplemental evidence. Brian Federico did not submit supplemental evidence. Appellee submitted

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

supplemental evidence, including 106 pages of vehicle registration inquiry reports.

At the November 14, 2007 hearing, the Bankruptcy Court granted Appellee's motion to sell the Property, with the exception of three vehicles that Appellee determined were not part of the Debtor's bankruptcy estate. Furthermore, Appellee noted that the Debtor did not disclose that he was holding any property for others in his bankruptcy schedule. Appellee was permitted to sell the Property free and clear of the interest of Brian Federico. However, the Bankruptcy Court also decided that Brian Federico's interest, if any, would attach to the proceeds of the sale and be determined at a later date.

The order approving the sale was entered on November 26, 2007. The order was not appealed and became final on December 6, 2007. A sale of some or all of the Property occurred on or around January 19, 2008. On June 30, 2008, Appellants filed a motion in the Bankruptcy Court to set aside the sale order as void for due process violations, pursuant to Federal Rule of Civil Procedure 60(b)(4). The Bankruptcy Court denied the motion. On September 15, 2008, Appellants appealed the decision to this Court pursuant to 28 U.S.C. § 158(a). Appellee opposed the appeal and asked the Court to find the appeal frivolous and award fees and costs. On September 8, 2009 this Court affirmed the decision of the Bankruptcy Court, and stated that any

request for attorney's fees should be filed as a separate motion. Appellee now moves for attorney's fees and double costs on the grounds that the appeal to this Court was frivolous.

## I.   OPINION

A.   <u>Legal Standard</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8014 and Federal Rule of Appellate Procedure 39, when the order of the Bankruptcy Court is affirmed on appeal, costs of the appeal are to be taxed against appellants as the losing party. Additionally, "If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment or decree of a bankruptcy court is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020.

Fed. R. Bankr. P. 8020 mirrors the language of Fed. R. App. P. 38, and exists to clarify that district courts and bankruptcy appellate panels have the authority to award damages or double costs for frivolous appeals. <u>Marino v. Classic Auto Refinishing, Inc.</u>, 234 B.R. 767, 770 (9th Cir. BAP 1999). Rule 8020 does not require a showing of bad faith. <u>In re Taylor</u>, 390 B.R. 654, 662 (9th Cir. BAP 2008).

4

In the Ninth Circuit, an appeal is frivolous if it is one in which, "the results are obvious, or the arguments of error are wholly without merit." George v. City of Morro Bay, 322 F.3d 586, 588 (9th Cir. 2003). This is because "the decision to appeal should be a considered one, not a knee-jerk reaction to every unfavorable ruling." Id. An appeal that raises meritless arguments that have been repeatedly rejected may be characterized as frivolous. Nunley v. Commissioner, 758 F.2d 372, 373 (9th Cir. 1985). Furthermore, when a frivolous appeal is filed, the court has the power to impose sanctions on the appellant and his or her counsel jointly, since attorney and client are in the best position between them to determine who caused the appeal to be taken. George, 322 F.3d at 588.

B. Merits of the Appeal

Appellants appealed the Bankruptcy Court's order on the grounds that their due process rights were violated by the trustee's failure to file an adversary proceeding prior to selling the Property free and clear of liens. Appellants relied on Fed. R. Bankr. P. 7001, which states that an adversary proceeding is required to "determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d). . ."

Appellants argued that their interest in the Property was not in bona fide dispute, which would allow the trustee to sell the Property and divide the proceeds amongst the claimants later. Thus, selling the Property without an adversary proceeding violated their due process rights and rendered the sale void. However, this Court rejected that argument, instead upholding the judgment of the Bankruptcy Court that the Debtor shared an interest in the Property with his creditors, including Appellants. This Court found no violation of Appellants' due process rights.

Appellee argues that the appeal had no merit, and that Appellants' adversarial process argument had already been rejected twice by the Bankruptcy Court. Appellee further argues that Appellants were remiss in failing to submit supplemental evidence of ownership and failing to appeal the Sale Order before it became final.

While it is true that Appellants did not avail themselves of the opportunity to appeal the Sale Order, and this Court denied the later appeal to set aside the Sale Order, the Court does not find that the appeal rose to the level of being frivolous. The Court noted in its Order Affirming Decision of the Bankruptcy Court that Appellants mistakenly relied Fed. R. Bankr. P. 7001 to advance the argument that an adversary proceeding was required. However, the Court does not find that

6

this mistake rose to the level of advancing a meritless argument, because the appeal is distinguishable from other cases in which courts have made a finding of frivolousness.

In Nunley, 758 F.2d at 373, the Ninth Circuit held that the appeal was frivolous because every argument raised by Nunley had already been rejected by the Supreme Court and the Ninth Circuit in other cases. Here, in contrast, Appellants did not make arguments that had been widely argued and rejected before. Likewise, this case is distinguishable from Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir. 1984), in which the appellate court found an appeal frivolous where there was both statutory and case law directly on point which rejected Taylor's arguments.

Accordingly, as this Court does not find the appeal was frivolous, the motion for attorney's fees and double costs is DENIED. However, because the Court affirmed the decision of the Bankruptcy Court and Appellants were the losing party in the appeal, costs of the appeal are appropriately taxed against Appellants.

//
//
//
//

III. ORDER

For the reasons set forth above, Appellee's motion for attorney's fees and double costs is hereby DENIED.

IT IS SO ORDERED.

Dated: February 12, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE